IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AURELIA BROWN, individually and
as Administrator of the Estate of
MAYRA HILARIO, deceased                                        PLAINTIFF

V.                        CASE NO. 5:22-CV-05078

JEFFREY BERGSGAARD and
JOHN DOES 1–10                                                 DEFENDANTS

**OPINION AND ORDER GRANTING MOTION TO REMAND**

Plaintiff Aurelia Brown, individually and as Administrator of the Estate of Mayra Hilario, deceased, initiated this lawsuit in the Circuit Court of Washington County, Arkansas on March 22, 2022. Brown's First Amended Complaint (Doc. 3) brings claims for negligence, survivorship, wrongful death, and for relief under Arkansas's civil action by a crime victim statute, Ark. Code Ann. § 16-118-107. On April 22, 2022, Defendant Jeffrey Bergsgaard removed this case to this Court. Bergsgaard asserts that the Court may exert federal subject matter jurisdiction over the case pursuant to 28 U.S.C. §1332(a)(1), due to the complete diversity of citizenship of the parties—Brown being an Arkansas citizen and Bergsgaard being a Minnesota citizen—and satisfaction of the minimum amount in controversy.[1] In filing his Notice of Removal, Bergsgaard included an affidavit (Doc. 2-2) attesting to his Minnesota citizenship.

Brown then filed a Motion to Remand (Doc. 8) this case to state court and Brief in Support (Doc 9), arguing the parties are not diverse because Bergsgaard is a citizen of

---

[1] The First Amended Complaint alleges damages in excess of $75,000. (Doc. 3, p. 8).

1

Arkansas, as was alleged in the First Amended Complaint. Defendant filed a Response in Opposition to the Motion (Doc. 11). Bergsgaard attached to his Response a second affidavit (Doc. 11-1) and numerous other exhibits in support of his claimed Minnesota citizenship. For the reasons stated below, the Court **GRANTS** the Motion to Remand (Doc. 8).

The party seeking to establish federal subject matter jurisdiction on the basis of diversity of citizenship must demonstrate by a preponderance of the evidence that the citizenship of each plaintiff is diverse from that of each defendant. *Blakemore v. Mo. Pac. R.R.*, 789 F.2d 616, 618 (8th Cir. 1986). "State citizenship, for diversity purposes, requires an individual's presence in the state, coupled with an indefinite intention there to remain." *Id.* at 618. An intention to remain indefinitely does not require an intention to remain permanently. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). Rather, the individual must have "no present or fixed intent to move on upon the happening of a reasonably certain event." *Holmes v. Sopuch*, 639 F.2d 431, 433–34 (8th Cir. 1981). "To determine intent, [courts] rely on objective factors, including 'declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property.'" *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017) (quoting *Bruton v. Shank*, 349 F.2d 630, 631 n.2 (8th Cir. 1965)). "Once an individual has established his domicile, he remains domiciled there until he legally acquires a new domicile." *Yeldell*, 913 F.2d at 537.[2]

---

[2] "For purposes of diversity jurisdiction, the terms 'domicile' and 'citizenship' are synonymous." *Yeldell*, 913 F.2d at 537.

Bergsgaard argues he has not evinced an intention to remain in Arkansas indefinitely and therefore is a Minnesota citizen. He attests to the following facts. He was born, raised, and went to college in Minnesota. Most of his family continues to reside and own property in Minnesota. During college, Bergsgaard began a career in commercial banking in Minnesota. In 1998, he moved to California and lived and worked there for 20 years. In 2018, he returned to Minnesota for a position at a bank in the Minneapolis area. He was laid off from that position in December 2019. After failing to find a new position in banking, Bergsgaard visited his cousin in Bentonville, Arkansas in May 2020 and decided to lease a home there. He continues to live at that same residence.

Bergsgaard's cousin is co-owner of two restaurants in Northwest Arkansas, and Bergsgaard, while not an employee of either restaurant, occasionally helps his cousin by picking up deliveries or mixing drinks at the bar. In December 2021, Bergsgaard was temporarily employed by UPS in Arkansas for the holiday season. In February 2022, he took a full-time position as a building inspector in Arkansas. He admits the position is of indefinite duration but notes he continues to seek work in the banking field. He attests to having applied and interviewed for banking positions in Alabama, Arkansas, California, Georgia, Kansas, Minnesota, and South Carolina.

Bergsgaard has also provided evidence that he holds an active Minnesota driver's license (Doc. 11-6), is registered to vote in Minnesota (Doc. 11-5), has his automobile and boat registered in Minnesota (Docs. 11-8 & 11-10), filed taxes as a Minnesota resident for tax years 2020 and 2021 (Doc. 11-3), and filed a non-resident Arkansas tax return for 2021 (Doc. 11-4).

The Court finds significant that Bergsgaard moved to Arkansas two years ago, leased a home, and has lived in that home unabated. He neither owns nor leases any property in Minnesota. Bergsgaard attested in his first affidavit that after moving to Arkansas he "returned to Minnesota *every month* in 2020 and 2021." (Doc. 2-2, ¶ 12 (emphasis added)). But in his second affidavit, he has made a rather significant correction to that statement: after moving to Arkansas in May 2020, he *never* returned to Minnesota in 2020 and, in 2021, only visited Minnesota in January, February, March, April, and May. *See* Doc. 11-1, ¶ 13. Remarkably, despite making this correction, Bergsgaard continues to argue he "rented the residence in Arkansas as a matter of convenience to provide him with a place to stay while visiting Arkansas." (Doc. 11, p. 8). He has not been "visiting" Arkansas—he has fully relocated here.

Also significant is that Bergsgaard has worked multiple jobs in Arkansas in past two years and recently accepting a full-time, indefinite position as a building inspector here. This is strong evidence of Bergsgaard's current intention to remain in Arkansas for the foreseeable future. And while he attests that he continues to apply to banking positions, he admits some of those potential jobs are in Arkansas.

The fact that Bergsgaard has not yet transferred his voter registration, driver's license, or vehicle registrations to Arkansas is given significantly less weight by the Court than his living and work arrangements. It is common for new state residents to delay updating these documents, regardless of any intent to remain indefinitely. *See Lopes v. JetSetDC, LLC*, 70 F. Supp. 3d 555, 559 (D.D.C. 2014). The Court also notes Bergsgaard may be in violation of Arkansas law by failing to obtain an Arkansas driver's license and failing to register his vehicles in Arkansas. *See* Ark. Code Ann. §§ 27-16-606 & 27-14-

723 (requiring an Arkansas driver's license and vehicle registration within 30 days for new residents and within six months for non-residents). Bergsgaard continuing to receive mail at his family's farm in Minnesota is also relatively insignificant.

As for paying taxes in Minnesota, Bergsgaard attests he "received unemployment income in Minnesota through [his] severance package in 2020 and 2021." (Doc. 2-2, ¶ 13). Earning this income likely made filing a Minnesota tax return mandatory, giving this fact little probative value as to his intentions. *See* Minn. Stat. § 256P.06, Subd. 3(2)(vii). He also points to the fact that he filed a non-resident Arkansas tax return for 2021, but that may have been an error on his part. The Arkansas tax code defines a "resident" as a "person who maintains a permanent place of abode within this state and spends in the aggregate more than six (6) months of the taxable year within this state." Ark. Code Ann. § 26-51-102(14). To qualify as a "nonresident," a person must "maintain[] a place of abode without this state and spend[] in the aggregate more than six (6) months of the taxable year without this state." *Id.* § 26-51-102(10). It is undisputed that Bergsgaard has lived in Arkansas continuously since May 2020 and spent more than six months in Arkansas in 2021.[3] The Court declines to credit what appears to be a tax-filing mistake as evidence of Bergsgaard's intention to leave Arkansas.

While Bergsgaard insists he is a Minnesota citizen and intends to return there, "[a] litigant's self-serving statements of intention are entitled to little weight when in conflict with facts." *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017) (cleaned up). And even if the Court were to take Bergsgaard's purported intentions

---

[3] Even if Bergsgaard's family's farm in Minnesota—which he neither lives at nor owns—constitutes an out-of-state "place of abode" under the Arkansas tax code, Bergsgaard was only "in Minnesota in January, April, May, and July" of 2021. Doc. 11-1, ¶ 13.

at face value, "such an 'amorphous desire to relocate' at a rather indefinite future date does not control in the determination of domicile." *Salveson v. Miller*, 489 F. Supp. 2d 963, 967 (D.S.D. 2007) (quoting *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 367 (1st Cir. 2001)).

Bergsgaard lived in California for 20 years and was almost certainly a citizen of that state prior to 2018. He may have then established Minnesota citizenship, an issue the Court need not decide. Whether his previous domicile was California or Minnesota, Bergsgaard is now physically present in Arkansas and his actions—leasing a home for two-plus years and recently accepting a full-time job—show an intention to stay in Arkansas indefinitely. In other words, Bergsgaard has failed to identify any "reasonably certain event" that would cause him to "move on" from Arkansas. *Holmes*, 639 F.2d at 433–34. The Court is also mindful that it is "required to resolve all doubts about federal jurisdiction in favor of remand." *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The Court finds Bergsgaard has failed to show by a preponderance of the evidence that diversity of citizenship exists between the parties, and this case must be remanded to state court for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Brown's Motion to Remand (Doc. 8) is **GRANTED**. The Clerk of Court is directed to immediately **REMAND** this case to the Circuit Court of Washington County, Arkansas.

**IT IS SO ORDERED** on this 13th day of June, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE